(November 13, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS S. ALVARADO, Appellant. [994 NYS2d 861]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 20, 2012, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.

Defendant was properly adjudicated a second felony offender on the basis of a conviction under a Florida evidence-tampering statute. Based on a reasonable reading of the Florida statute (Fla Stat § 918.13), we find that it is equivalent to a New York felony (Penal Law § 215.40). The Florida statute does not apply to intangible evidence, its prohibition of the removal of evidence corresponds to suppressing evidence by concealment, alteration or destruction under the New York analog, and, like the New York statute, the Florida statute requires specific intent for both its destruction and fabrication prongs. Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.